Zena D. CRENSHAW, Plaintiff–
Appellant,

v.

THE SUPREME COURT OF INDIANA,
et al., Defendants–Appellees.

No. 98–2882.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 7, 1999.*

Decided March 15, 1999.

---

* After an examination of the briefs and the record, we concluded that oral argument was unnecessary, and the appeal was submitted on the briefs and the record. *See* Fed.R.App.P. 34(a)

Zena D. Crenshaw (submitted on briefs), pro se, Gary, IN, for Plaintiff–Appellant.

Wayne E. Uhl (submitted on briefs), Office of Attorney General, Douglas E. Cressler, Indiana Supreme Court, Indianapolis, IN, for Defendants–Appellees.

Before RIPPLE, MANION and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

Zena D. Crenshaw, an attorney appearing pro se, brought this action in the district court to challenge Rule 23 of Indiana's attorney disciplinary rules. She alleged that a subpoena issued to her by the Disciplinary Commission of the Supreme Court of Indiana ("the Commission"), Indiana's attorney regulatory agency, violated her constitutional rights. She named as defendants the Supreme Court of Indiana, its five justices in their personal and official capacities, the Commission, and its Executive Secretary and a staff attorney, also in their personal and official capacities. The district

court dismissed the action without prejudice on abstention grounds. On appeal, Ms. Crenshaw principally argues that the district court erred in abstaining because the Commission's investigation is merely incipient and cannot be characterized as an ongoing proceeding. We dismiss the action against the Supreme Court of Indiana and the Commission because the Eleventh Amendment bars suit against them in federal court. *See Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1140–41 (7th Cir.1999); *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 731–32 (7th Cir.), *cert. denied*, 513 U.S. 811, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994); *see also Thiel v. State Bar of Wisconsin*, 94 F.3d 399 (7th Cir.1996). In all other respects, for the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

### A.

This case arises out of a grievance filed with the Commission in July 1996 regarding alleged misconduct by Ms. Crenshaw in the administration of her deceased mother's estate. After considering Ms. Crenshaw's response to the grievance, the Commission informed her in May 1997 that the grievance had been docketed and would be investigated further. In December 1997, the Commission again wrote to Ms. Crenshaw and informed her that its investigation was continuing. That mailing included a subpoena that sought information about specific expenditures and about her private and business bank accounts. In January 1998, Ms. Crenshaw filed with the Commission a motion to quash the subpoena. The Commission informed her one week later that its investigation was still ongoing. In March 1998, the Commission denied the motion to quash the subpoena.

In February 1998, Ms. Crenshaw filed this action in the district court. The complaint contained a challenge to the constitutionality of Rule 23 of the Indiana Rules for Admission to the Bar and the Discipline of Attorneys. Rule 23 is entitled "Disciplinary Commission and Proceedings" and describes Indiana's methods for determining, investigating, and punishing attorney misconduct. Ms. Crenshaw alleged that Rule 23, especially its Sections 8(d) and 9(f) (granting the Commission and its Executive Secretary the authority to issue subpoenas duces tecum), is unconstitutional. Ms. Crenshaw claimed a violation of her Fourth Amendment rights, as made applicable to the states through the Fourteenth Amendment, because any subpoena issued pursuant Rule 23 is considered presumptively valid. Such a subpoena, she alleged, subjected her to investigation by the Commission without adequate safeguards against unreasonable search and seizure. Ms. Crenshaw also alleged that Rule 23 gave the defendants excessive discretion "to investigate every aspect of her life." Appellant's Brief at 4. She asked the district court to declare that Rule 23 in whole or in part was unconstitutional, to enjoin the defendants from continuing their investigation pending the court's review of Rule 23, and to enjoin the defendants from undertaking unconstitutional actions under the Rule.

### B.

Noting that the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), had been made applicable to attorney disciplinary proceedings in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432–37, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the district court determined that it must abstain from exercising its jurisdiction. In abstaining from exercising jurisdiction over Ms. Crenshaw's suit, the district court determined that the Commission's investigation satisfied the three-part test in *Middlesex*: The investigative proceeding (1) was both ongoing and "judicial in nature"; (2) implicated important state interests; and (3) allowed Ms. Crenshaw an adequate opportunity to raise constitutional challenges. *Id.* at 432, 102 S.Ct. 2515. After briefly summarizing Indiana's procedures for processing and investigating grievances filed against attorneys, the court determined that the Commission's proceedings against Ms. Crenshaw had "passed the investigative stage and [had] resulted in the filing of a grievance." R.15 at

2. Therefore, the district court determined that the Commission's actions had to be characterized as ongoing judicial proceedings that implicated important state interests. The court found further that nothing in the record suggested that Ms. Crenshaw would be barred from raising her constitutional claims in state court. Therefore, there was no "impediment" to the full and fair consideration of Ms. Crenshaw's potential federal claims in the course of the state proceedings.

## II

## DISCUSSION

### A.

■ We review *Younger* abstentions under a de novo standard of review. *See Majors v. Engelbrecht*, 149 F.3d 709, 712 (7th Cir.1998); *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290 (7th Cir.1994). Ms. Crenshaw contends that the district court erred in its abstention analysis. She asks that we focus on the court's treatment of the first and third prongs of the *Middlesex* test for abstention.

■ With respect to the first prong, she submits that the district court mistakenly concluded that the Commission's proceeding against her was ongoing. In her view, the proceedings against her remain in the investigative stage; the subpoena was intended to "facilitate the underlying investigation, not advance it to another phase." Appellant's Brief at 21. She points out that the Commission did not deny her motion to quash the subpoena until a month after she filed her complaint with the federal district court. Consequently, she submits, there was no ongoing state judicial proceeding when she filed her claim.

The district court correctly determined that there was an ongoing state disciplinary proceeding at the time of the filing of the federal complaint. Under the Indiana attorney disciplinary rules, a proceeding moves beyond the initial stage once the Executive Secretary of the Commission dockets a grievance and undertakes investigatory procedures beyond the preliminary investigation. *See* Rule 23, § 10. In this case, the Commission's Executive Secretary issued the subpoena after considering Ms. Crenshaw's initial response to the grievance and concluding that the matter warranted further, more detailed investigation. Because the Commission had begun its formal investigation, which occurs only after the initial phase of response by the attorney and preliminary investigation by the Executive Secretary, the proceedings against Ms. Crenshaw must be considered ongoing. *See Huffman v. Pursue*, 420 U.S. 592, 607, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

Our holding today is consonant with that of the other circuits that have considered the issue and recognized that attorney disciplinary proceedings, by their nature, are progressive, incremental processes; the federalism concerns that *Younger* and *Middlesex* protect are implicated when the attorney is subject to a formal investigative procedure like the one contemplated by Rule 23, section 10(b).[1]

---

1. *See Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 712 (9th Cir.1995) (disciplinary proceedings were ongoing after attorneys received notices to show cause); *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718 (6th Cir.) (upholding *Younger* abstention when attorneys filed federal action during course of grievance committee's investigation but before formal complaint was filed), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2416, 124 L.Ed.2d 639 (1993); *Mason v. Departmental Disciplinary Comm.*, 894 F.2d 512 (2d Cir.) (*Younger* abstention was upheld when the Committee had not yet filed charges but was conducting an inquiry to determine whether to file charges and, prior to his deadline for responding to disciplinary committee's notice of allegations against him, accused attorney sought federal court intervention), *cert. denied*, 497 U.S. 1025, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990); *Hensler v. District Four Grievance Comm.*, 790 F.2d 390 (5th Cir.1986) (upholding *Younger* abstention when attorney filed suit after receiving notice of grievance filed against him); *see also Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341 (7th Cir.) (concluding that disciplinary proceeding against state court judge was ongoing after the judge presented a legal argument in response to the Inquiry Board's proposed charges and the Inquiry Board decided to file a complaint), *cert. denied*, 493 U.S. 975, 110 S.Ct. 497, 107 L.Ed.2d 501 (1989); *cf. Fieger v. Thomas*, 74 F.3d 740 (6th Cir.1996) (discussing application of *Middlesex* to state disciplinary rules and procedures).

Ms. Crenshaw next submits that the Commission proceedings do not satisfy *Middlesex's* third prong because they do not ensure her an adequate opportunity to raise constitutional challenges. First, she argues that the subpoena process under Rule 23 punishes her if she actively challenges the Rule's unconstitutional elements; if she refuses to comply with the subpoena, Rule 23 threatens her with contempt of the Supreme Court of Indiana. *See* Rule 23, §§ 8(d), 9(f). We previously have noted, however, that a "chilling effect" on the exercise of constitutional rights is an insufficient basis to avoid the holding of *Younger*. The possible unconstitutionality of a rule does not justify an injunction against good-faith efforts to enforce that rule. *Pincham*, 872 F.2d at 1350; *see also Younger*, 401 U.S. at 54, 91 S.Ct. 746.

Finally, Ms. Crenshaw submits that the proceeding does not allow her to challenge the constitutionality of the Rule because the proceeding is biased against her. She alleged in her complaint that the Commission's investigation is "unlawful retaliation" for her publicly documented allegations of impropriety in the Indiana state courts. In essence, she is arguing for an application of the bad faith exception to the *Younger* doctrine. Ms. Crenshaw contends that the court improperly determined that she lacked a factual basis for her claim that Indiana state court judges, especially the Chief Justice of Indiana, are biased against her. In her view, the district court, considering the matter in the context of the defendants' motion to dismiss, should have construed well-pleaded facts in the light most favorable to her. We cannot accept this argument. In order to establish her entitlement to the bad faith exception to the *Younger* doctrine, Ms. Crenshaw must allege specific facts to support her inferences of bad faith, bias, and retaliation. She must present more than mere allegations and conclusions. *See Pincham*, 872 F.2d at 1349–50. The record on appeal, however, provides no persuasive evidence that the Indiana state courts are biased or harbor bad faith toward Ms. Crenshaw. We agree with the district court that nothing in the record suggests that the Supreme Court of Indiana could not or would not fairly entertain a constitutional challenge to the subpoena.

### B.

Finally, we cannot accept the argument that the district court abused its discretion in denying Ms. Crenshaw's post-judgment motion. Her motion asked the court to correct its misstatements of fact that, in her view, demonstrate the court's misconception that the Commission proceeding against her was actually ongoing. She notes, for instance, that the court used the word "complaint" when apparently referring to the "grievance" filed against her. Ms. Crenshaw contends that this difference in terminology is significant because, under Indiana procedure, a complaint is a formalized grievance that is filed later in the Commission proceeding. She also notes that the court erroneously stated that she had filed her federal action after the Commission had notified her of its refusal to quash its subpoena. Ms. Crenshaw points out that she filed her federal suit before the Commission decided her motion to quash the subpoena.

Neither the district court's misuse of terminology nor its inaccuracy in characterizing the timing of the filing of her federal suit affects the conclusion that the Commission proceedings were ongoing before she brought her case to federal court. Therefore, Ms. Crenshaw's motion presented neither a "manifest error of law or fact" nor newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). Thus, the court did not abuse its discretion when it overruled Ms. Crenshaw's motion; its misstatements in its decision were harmless and did not lead the court to render an erroneous judgment. *See EEOC v. North Knox Sch. Corp.*, 154 F.3d 744, 746 (7th Cir.1998); *Taylor v. Western & S. Life Ins. Co.*, 966 F.2d 1188, 1198 (7th Cir.1992).

### Conclusion

Ms. Crenshaw's action against the Supreme Court of Indiana and the Commission is dismissed because suit is barred by the Eleventh Amendment. In all other respects, the district court's judgment must stand.

The state disciplinary proceeding was commenced before Ms. Crenshaw brought her federal suit. The district court properly left the merits of both the proceeding and her suit to be resolved by state authorities. "When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain." *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir.1996). The judgment of the district court is affirmed. The defendants-appellees may recover their costs.

AFFIRMED as modified.