In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2146

Suzanne Edwards,

Plaintiff-Appellant,

v.

Illinois Board of Admissions to the Bar;
Richard J. Prendergast, in his official capacity
as President of the Illinois Bar; Character
and Fitness Committee of the Second Judicial
District; and L. Lee Perington, in his
official capacity as Chairman of the Committee on
Character and Fitness for the Second Judicial
District,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 6792--Harry D. Leinenweber, Judge.

Argued November 6, 2000--Decided August 22, 2001

Before Harlington Wood, Jr., Kanne and Diane
P. Wood, Circuit Judges./*

Kanne, Circuit Judge. Suzanne Edwards,
plaintiff-appellant, alleges that the
defendants-appellees violated Title II of
the Americans With Disabilities Act by
asking her to release all of her medical
records detailing her treatment for
depression as part of the process of
reviewing her application for admission
to the Illinois Bar. She also challenges
the defendants' practice of making the
disclosure of all treatment by mental
health professionals a precondition to
certification to the Illinois Bar. We
affirm the district court's dismissal of
Edwards' complaint on the grounds that
review is barred by the Rooker-Feldman
doctrine.

I. History

Suzanne Edwards graduated from the
Chicago-Kent College of Law in 1998,
passed the Illinois Bar Exam, and applied
for admission to the Illinois Bar.
Illinois Bar admissions are overseen by
the Illinois Board of Admissions to the

Bar (the "Board"), an entity that is appointed by and acts on behalf of the Illinois Supreme Court. The Board is in turn assisted by several committees that review bar applications and conduct character and fitness inquiries of bar applicants. Edward's application was reviewed by the Committee on Character and Fitness for the Second Judicial District (the "Committee"). The President of the Board is Richard J. Prendergast and the Chairman of the Committee is L. Lee Perington.

Applicants for admission to the Illinois Bar are required to explain the reasons for leaving any prior employment, and Edwards' bar application disclosed that she left her previous employment as an air traffic control specialist because of a medical disqualification to perform duties. Edwards further disclosed, during an August 1998 interview with a member of the Committee, that she has received treatment for "Major-Depression-Recurrent" from mental health professionals since 1987. She was then called to appear before an inquiry panel of the Committee. At that time, Edwards explained that the Federal Aviation Administration had revoked her medical certificate because she was receiving treatment for depression, which included the use of doctor prescribed anti-depressant medication. The panel requested that Edwards furnish the names and addresses of each mental health professional she had consulted for treatment since 1987. Edwards declined to do so, but she agreed to provide the name of her current physician and consented to a release of the records reflecting the time under his care.

On September 25, 1998, the Committee advised Edwards that it had declined to certify her eligibility for admission to the bar. She requested a formal hearing before the Committee but was informed, by way of a letter dated February 5, 1999, that a hearing would not be scheduled until she consented to the release of her medical records. Included with the letter was a form entitled "Consent to Disclosure of Mental Health Records," which stated, in part, that failure to execute the document might result in Edwards' inability to sustain her burden to demonstrate by clear and convincing evidence that she possessed the requisite

character and fitness to practice law. She refused to execute the consent form, and a hearing was not scheduled.

On October 15, 1999, Edwards filed a complaint in the United States District Court for the Northern District of Illinois seeking declaratory and injunctive relief against the Board, the Committee, and Perington and Prendergast in their official capacities (collectively referred to as "defendants"). Her two-count complaint accused the defendants of violating the Americans with Disabilities Act (the "ADA") and the Due Process Clause of the Fourteenth Amendment. She requested an order:

Declaring that Defendants' demand for the complete disclosure and consent to release of all records of any mental health treatment of Plaintiff and of other applicants for admission to the Illinois Bar, and Defendants' refusal to schedule a hearing absent said disclosures and releases, violates the Americans With Disabilities Act, 42 U.S.C. sec. 12101 et seq. [and]

Enjoining Defendants from making total disclosure and complete release of all treatment by mental health professionals a precondition to certification to the Illinois Bar and/or the opportunity for hearing.

On December 23, 1999, the Committee advised Edwards by letter that a formal hearing would be scheduled for February 10, 2000. The letter also advised her, however, that should she fail to produce her medical records at least thirty days prior to the hearing, the hearing would not take place. After sending this letter, the defendants filed a motion to dismiss, claiming that, inter alia, Edwards' complaint was moot because a hearing that was not dependant upon the disclosure of the entirety of her medical records had been scheduled. Defendants' memorandum in support of this motion asserted that Edwards would have the opportunity to raise her constitutional challenges in the state proceedings.

The Committee continued to seek access to Edwards' medical records and requested advance copies of them in a letter dated January 21, 2000. Three days later,

another letter withdrew this demand, and stated that she need not produce any records in advance of the hearing. Edwards was reminded, however, that she would have the burden to prove by clear and convincing evidence that she had the requisite character and fitness for admission to the practice of law. See Ill. Comp. Stat. Bar. Admis. Rule 4.1.

The hearing was conducted on February 15, 2000, and Edwards was allowed to submit whatever records she felt were appropriate. Edwards' counsel was prepared to raise Edwards' constitutional and federal claims at this hearing in accord with the representations made by defendants' counsel in the district court proceeding. When members of the Committee objected to the relevancy of those issues, however, Chairman Perington sustained the objection and limited the hearing to fact-finding.

Following the hearing, but prior to the Committee's issuance of its decision, the district court determined that it was required to abstain from considering Edwards' claims under the doctrine announced in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and thus dismissed Edwards' complaint. See Edwards v. Ill. Bd. of Ad missions to the Bar, No. 99 C 6792, 2000 WL 343333 (N.D. Ill. March 29, 2000).

On April 28, 2000, the Committee issued its findings and conclusions. It decided that Edwards did not show by clear and convincing evidence that she possessed the requisite character and fitness for admission to the practice of law. The Committee stated that matters unrelated to her mental health "were sufficiently adverse to [Edwards' application] to warrant a denial of her certification," including her lack of candor during the bar application process, her arrest record, and her financial irresponsibility. The findings and conclusions state, however, that Edwards' mental health condition was "nonetheless a factor which the Hearing Panel has taken into consideration." Edwards alleges that her condition was taken into consideration insofar as she did not prove "by clear and convincing evidence that [she] would be able to meet the expectations and demands" of the profession of law, and that her failure

to release all of her medical records contributed to the Committee's determination that she was insufficiently candid, honest, or trustworthy to be an attorney in the State of Illinois.

Edwards filed a petition for review of the Committee's findings and conclusions, as is permitted by Illinois Supreme Court Rule 708(d). Her petition argued, inter alia, that the ADA protected the disclosure of her mental health records. She also requested oral argument. The Illinois Supreme Court denied Edwards' Petition for Review in an order dated September 11, 2000.

Plaintiff appeals the district court's dismissal of her complaint, requesting this court to reverse and remand for adjudication of her ADA claim.

II.  Analysis

The district court determined that it lacked subject matter jurisdiction over Edwards' claims under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 669 (1971). We review this determination de novo. See Crenshaw v. Supreme Court of Ind., 170 F.3d 725, 728 (7th Cir. 1999). Abstention is only appropriate "when there is an ongoing state proceeding," Leaf v. Supreme Court of State of Wis., 979 F.2d 589, 595 (7th Cir. 1992), thus "abstention is no longer appropriate" here, Greening v. Moran, 953 F.2d 301, 305 (7th Cir. 1992), because the Illinois state proceedings relevant to this appeal terminated when the Illinois Supreme Court declined plaintiff's petition for review. See Leaf, 979 F.2d at 595. The district court's judgment may, however, be affirmed on any ground supported by the record. See Cushing v. City of Chi., 3 F.3d 1156, 1167 (7th Cir. 1993). In light of this, we will consider whether a host of other doctrines--namely mootness, the Rooker-Feldman doctrine, res judicata, and Eleventh Amendment immunity of state actors--prevent us from adjudicating Edwards' claims.

On appeal, Edwards accuses defendants of violating the ADA by 1) demanding complete disclosure of mental health treatment records of applicants for admission to the Illinois Bar, including herself, and 2) making total disclosure

of all treatment by mental health professionals a precondition to certification to the Illinois Bar. Defendants allege that Edwards' case is now moot because they accorded Edwards a hearing at which Edwards was not required to produce all of her medical records. A defendant carries a heavy burden when it argues that a plaintiff's claims are moot, see Kikumura v. Turner, 28 F.3d 592, 597 (7th Cir. 1994) (citation omitted), and we are not convinced by defendants' arguments on this point. With respect to the first alleged injury, it is true that, once Edwards filed her federal complaint, the Committee agreed to hold a hearing without requiring complete disclosure of Edwards' mental health records. We have long recognized, however, that a defendant can not moot a claim simply by voluntarily ceasing behavior when it is free to resume that behavior at any time. See Milwaukee Police Ass'n v. Jones, 192 F.3d 742, 747 (7th Cir. 1999); Sefick v. Gardner, 164 F.3d 370, 372 (7th Cir. 1998); Jones v. Sullivan, 938 F.2d 801, 807 (7th Cir. 1991). Plaintiff has stated that she will reapply for admission to the Illinois Bar in 2002, and nothing would prevent defendants from again requiring total disclosure of her records at that time. With respect to Edwards' second alleged injury, Edwards was not certified, so the fact that she was accorded a hearing does not moot her claim that the Committee requires full disclosure of mental health records as a precondition to certification. We conclude, then, that neither of Edwards' claims are moot.

We thus turn to the second doctrine on our list: Rooker-Feldman. This doctrine derives from two Supreme Court cases, Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions. See Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996) (citations omitted). Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari. See id. Courts and commentators have expended considerable ink in an attempt to define the

parameters of this doctrine, and our court is no exception. Despite all of the doctrinal twists and turns, the point is rather simple: to avoid federal review of state court decisions. See, e.g., Manley v. City of Chi., 236 F.3d 392, 396 (7th Cir. 2001) (citations omitted). Thus, our overarching concern is "whether the federal plaintiff seeks to set aside a state court judgment or whether [she] is . . . presenting an independent claim." Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir. 1999) (internal quotation omitted).

It is "often difficult to distinguish" between situations in which the plaintiff is seeking to set aside a state court judgment and ones in which the claim is independent. Id. at 554. To assist in this determination, we ask "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996); see also Manley, 236 F.3d at 397 (examining the source of plaintiff's injury). If it is the former, then "the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 702 (7th Cir. 1998) (footnote omitted). If the injury alleged by the federal plaintiff "is distinct from the state court judgment and not inextricably intertwined with it, the Rooker-Feldman doctrine does not apply." Id. at 702. The key phrase in this previous sentence is, of course, "inextricably intertwined"-- thus, if the injury alleged in the federal case is intertwined in this fashion, the Rooker-Feldman doctrine does apply. To determine whether the injury is inextricably intertwined, we focus on whether the federal court is being called upon to review the state court decision. See id. "[C]onstitutional claims that are 'inextricably intertwined' with state court judgments of necessity call upon the district court to review the state court decision and are thus beyond the district court's jurisdiction." Young, 90 F.3d at 1231 (quoting Feldman, 460 U.S. at 482 n.16). On the other hand, an alleged injury will be independent if the state court was acting in a non-judicial capacity when it injured the plaintiff-- for example, if the state court was

"promulgating rules regulating the bar." Leaf, 979 F.2d at 597 (citing Feldman, 460 U.S. at 485 ). Thus, "federal district courts 'have subject-matter jurisdiction over general challenges to state bar rules . . . which do not require review of a final state court judgment in a particular case.'" Id. (quoting Feldman, 460 U.S. at 486). When the litigant is challenging the constitutionality of a rule that was applied to him, but is not asking "to correct or revise" the determination that he violated the rule, Rooker-Feldman is "no obstacle to the maintenance of [the] suit." Buckley v. Ill. Judicial Inquiry Bd., 997 F.2d 224, 227 (7th Cir. 1993).

The Committee's decision declining to certify Edwards constituted a judicial determination, see Feldman, 460 U.S. at 479, that was appealed to the Illinois Supreme Court. The court, upon consideration of Edwards' written submissions detailing her ADA claim, denied Edwards' petition for review. This order constituted a final state court decision and terminated the state proceedings. What must now be decided is what effect the state court judgments in this case have on Edwards' claims--specifically, whether the district court may consider Edwards' ADA claims or whether her only avenue for federal relief was through the United States Supreme Court.

To determine whether Rooker-Feldman precludes federal court review, we ask whether Edwards' injury resulted from the state court judgment declining to certify her for admission to the Illinois bar. See Garry, 82 F.3d at 1365. We first consider Edwards' challenge to defendants' practice of requiring disclosure of applicants' mental health records as a precondition to certification. As an initial matter, Edwards has presented no facts to support the assertion that defendants have made such disclosure a precondition to certification for anyone other than herself. Thus, this claim is most accurately stated as alleging that defendants violated her rights under the ADA by making total disclosure of her mental health treatment records a precondition to her certification. The question, then, is whether the injury (precluding certification when records are not disclosed) resulted from the

state court judgment (the refusal to certify). The answer must be yes. The state's refusal to certify Edwards is the act that potentially violates the ADA, because if the state had certified her, then the injury would not have occurred. That is, if the facts were exactly as they are here except that Edwards was certified for admission to the Illinois Bar, then she could not claim that full disclosure of her mental health treatment records was a precondition to admission. This is clearly the type of federal court action that is barred by Rooker-Feldman.

We now turn to the other injury alleged by plaintiff--that defendants violated her rights under the ADA by demanding complete disclosure of her mental health treatment records. This injury can not be said to have resulted from the state court judgment. Even if the state court decision had come out differently, that is, even if the state had certified her to the bar, Edwards could still have alleged that the Committee violated the ADA by requiring her to release all her records. It was not the state's refusal to certify her that allegedly violated the ADA; rather, it was the procedure followed by the Committee in reviewing her candidacy.

This determination does not end our inquiry, however. We must determine whether plaintiff's alleged injury is inextricably intertwined with the state court judgment denying her certification. In other words, would the district court be required to review the state court decision in order to consider and decide the federal claim? The Supreme Court has made it clear that we are "without subject matter jurisdiction to review a final order of the state Supreme Court denying a particular application for admission to the state bar." Feldman, 460 U.S. at 485 (quotation and internal alteration omitted). The lower federal courts do, however, have subject matter jurisdiction to consider a general challenge to a bar rule. See id.; see also Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999) (noting that rules may only be contested "if they are separable from the decision in an individual licensing or disciplinary case").

Edwards challenges the Committee's practice of requiring total disclosure and complete release of applicants' records of treatment by mental health professionals. This is not a challenge to the Illinois Supreme Court Rules, as the Rules do not require this type of disclosure; they simply require each candidate to possess "good moral character and general fitness to practice law." See Ill. Comp. Stat. S. Ct. Rule 708. Plaintiff's challenge, then, is to the manner in which the Committee treated her application. She asserts that her decision not to release her medical records was held against her because it led the Committee to determine that she did not possess the requisite character and fitness for admission to the practice of law. She essentially asks us to find that "the test of candor should not be whether an applicant is willing to grant unrestricted access to her private psychiatric medical records." Edwards' Pet. for Review at 9. This too is precisely the type of claim that the Rooker-Feldman doctrine bars the lower federal courts from considering because it requires review of a state court decision in a particular case that arose out of judicial proceedings. See Feldman, 460 U.S. at 486; see also Dale v. Moore, 121 F.3d 624, 627 (11th Cir. 1997) (holding that plaintiff's ADA claim was "inextricably intertwined with the state's judicial proceedings relating to his bar admission"); Campbell v. Greisberger, 80 F.3d 703 (2d Cir. 1996) (finding that Rooker-Feldman barred the district court from reviewing whether the New York state court violated the ADA when it required the applicant to provide medical information as a precondition to renewal of his bar application).

Plaintiff repeatedly asserts that she is not asking us to review the state court determination because her complaint does not ask us to grant her certification to the bar. While she might not be asking us to review the state court order declining certification, granting the relief she requests would have that effect: she is asking for a remand so the district court may determine whether the Committee violated the ADA in treating her decision not to release the records as it did. If the Committee did violate the ADA, the district court would be directing the Committee to reconsider plaintiff's case

for admission when it has already ruled on it. This we can not do.

We thus conclude that the district court lacks subject matter jurisdiction to review plaintiff's ADA claims and that dismissal was appropriate. Because the Rooker-Feldman doctrine applies, we do not need to address the res judicata effects, if any, of the Illinois Supreme Court's order denying Edwards' petition for review. See Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699 (7th Cir. 1998). Nor do we need to decide whether the Eleventh Amendment renders state officials immune from suit under Title II of the ADA. See Bd. of Trs. of Univ. of Ala. v. Garrett, 121 S. Ct. 955, 960 n.1 (2001) (expressly declining to "decide the constitutional issue whether Title II, which has somewhat different remedial provisions from Title I, is appropriate legislation under sec. 5 of the Fourteenth Amendment"); see also Erickson v. Bd. of Gov. of State Colls. & Univs. for N.E. Ill. Univ., 207 F.3d 945, 952 (7th Cir. 2000) (holding that "private litigation to enforce [Title I of] the ADA may not proceed in federal court").

III. Conclusion

For the aforementioned reasons, we AFFIRM the district court's dismissal of Edwards' complaint.

FOOTNOTE

/* Judge Ann Claire Williams recused herself after oral argument and did not participate in the decision of this case.