Stuart M. SUSTER, M.D.
Plaintiff–Appellant,

v.

Ruby JEFFERSON–MOORE, et al., Defendants–Appellees.

No. 04–2509.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 30, 2004.*

Decided Nov. 30, 2004.

Stuart M. Suster, Milwaukee, WI, pro se.

Peggy A. Lautenschlager, Madison, WI, for Defendants–Appellees.

Before RIPPLE, KANNE, and WILLIAMS, Circuit Judges.

ORDER

While he was still the subject of a disciplinary proceeding before the Wisconsin Medical Examining Board ("the Board"), Stuart Suster, a physician specializing in pain disorders, filed nearly identical suits in district court under 42 U.S.C. § 1983, one against members of the Board and another against three employees of the Wisconsin Department of Regulation and Licensing ("the DRL"), the agency that investigated Suster and triggered the disciplinary proceeding by filing a complaint with the Board. Suster essentially claims in the overlapping cases that the defendants have colluded to use a trumped-up disciplinary proceeding to take away his license and livelihood. The district court consolidated the two cases and then dismissed them, concluding that the doctrine of abstention outlined in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), prevented it from enjoining the ongoing disciplinary proceeding, and that as to damages, all of the defendants enjoyed absolute immunity. Suster appeals and we affirm.

Sometime prior to December 2003 the DRL began investigating allegations that Suster had committed sexual misconduct with patients, threatened patients, provided negligent treatment, and engaged in fraudulent billing practices. The DRL filed a complaint with the Board, and on December 1, 2003, the Board initiated a disciplinary proceeding to determine whether Suster should be disciplined. Suster filed his tandem suits approximately two weeks later. The status of the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

proceeding before the Board is not clear from the record before us.

The district court concluded that the doctrine of *Younger* abstention prevented it from enjoining the ongoing disciplinary proceeding. In the interest of comity, *Younger* and its progeny bar federal courts from interfering with ongoing state "judicial" proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431–32, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Younger*, 401 U.S. at 44. The district court recognized that state administrative proceedings fall under the *Younger* doctrine, as long as they are judicial in nature, implicate an important state interest, and afford the defendant an adequate opportunity to raise constitutional issues. *See Middlesex County Ethics Comm.*, 457 U.S. at 432. The district court reasoned that all of the requirements were met in this case. It noted that the disciplinary proceeding was ongoing when Suster filed this suit and that several qualities of the disciplinary proceeding made it judicial in nature. The Board first makes a finding of probable cause, and then the DRL files a complaint with the Board and sends notice to the defendant. The parties conduct discovery, and the DRL presents its evidence at a hearing before an administrative law judge. At the end of the hearing the administrative law judge issues a proposed decision and gives the parties an opportunity to object. The Board considers the objections and issues a final decision, which the defendant can challenge in state court. The district court further concluded that the disciplinary proceeding implicates the important state interest of assuring the professional conduct of physicians. Finally, the court noted that Suster will have an adequate opportunity to raise constitutional issues because he may raise them in state court as a challenge to the administrative proceeding.

After concluding that it must abstain from issuing an injunction, the district court also determined that it could not issue a damages award against any of the defendants because they were absolutely immune. Relying on *Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir.2001), and *O'Neal v. Miss. Bd. of Nursing*, 113 F.3d 62 (5th Cir.1997), the court held that all of the defendants were immune because they were serving in either quasi-judicial or prosecutorial roles in the disciplinary process when they allegedly violated Suster's rights.

On appeal Suster does not challenge all of the district court's reasoning directly but instead renews an argument that he raised in the district court. Relying on *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), he contends that, because he is suing the defendants in their individual capacity, the *Younger* doctrine does not apply and the defendants are not protected by immunity. But Suster misreads *Hafer* to reach both conclusions.

According to Suster, *Hafer* holds that the Eleventh Amendment does not bar suits against state officials in their personal capacity, *Hafer*, 502 U.S. at 30, and from this he reasons that there is no need for *Younger* abstention in this personal-capacity suit. The Eleventh Amendment, which prevents citizens from suing states, *see* U.S. Const. amend. XI, is not the impetus for *Younger* abstention. *See Younger*, 401 U.S. at 43–44. The abstention doctrine is motivated by concerns about comity, and it prevents federal courts from interfering with state proceedings. *Hafer* is about the capacity in which officials may be sued under § 1983 and whether the Eleventh Amendment provides them with immunity from personal-capacity suits. *Hafer*, 502 U.S. at 362–63. The case does not support Suster's contention that abstention de-

pends on the capacity in which he is suing the defendants, and we see no reason to think that the comity concerns behind the abstention doctrine would depend on that factor. Enjoining the state proceeding would disrupt the state's functioning.

Suster also offers two undeveloped challenges to the district court's decision to apply the abstention doctrine. He asserts that the state disciplinary proceeding does not afford him an adequate opportunity to raise his constitutional claims, but he offers no reason to disrupt the district court's conclusion that he will have an adequate opportunity to raise any constitutional arguments by challenging the Board's decision in state court. *See Ohio Civil Rights Comm. v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (subsequent judicial review of administrative proceeding provides adequate opportunity to raise constitutional claims). Suster also contends that the *Younger* abstention doctrine does not apply because the defendants in this case were acting in bad faith and to harass him. There is a bad faith exception to the *Younger* doctrine, allowing a court to enjoin a proceeding when the plaintiff makes a showing that it was brought in bad faith, *see Younger*, 401 U.S. at 49, 54, but Suster fails to develop this argument on appeal. He points to no evidence in the record that the disciplinary proceeding was brought in bad faith. *See Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 729 (7th Cir.1999) (mere allegation of bad faith insufficient to warrant exception). The district court was correct to abstain.

Suster also argues that the district court erred in concluding that the defendants are immune from suit. Suster again relies on *Hafer* and contends essentially that there is no immunity for officials sued in their personal capacity. The *Hafer* Court held that the Eleventh Amendment does not vest state officials with sovereign immunity in personal-liability suits because such suits are not brought against the state. That holding has no application to this case because the district court did not rely on the Eleventh Amendment to find the defendants immune. The court relied on traditional common law immunities, and the *Hafer* Court actually reaffirmed the existence of those immunities. *See id.* at 25, 28–29. Suster develops no other challenges to the district court's ruling that the defendants were immune.

We therefore AFFIRM the judgment of the district court.