**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2009[*]
Decided November 9, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 09-1573

| | |
|---|---|
| PAUL OLSSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 1:08-cv-06317 |
| VERONICA O'MALLEY, et al. | |
| Defendants-Appellees. | Virginia M. Kendall, |
| | *Judge.* |

**O R D E R**

Paul Olsson, a pre-trial detainee and a defendant in an ongoing state criminal prosecution, sued 17 defendants for a variety of 42 U.S.C. § 1983, Racketeer Influenced and Corrupt Organizations Act, and supplemental state law claims. The district court dismissed some of his claims with prejudice and, invoking *Younger v. Harris*, 401 U.S. 37 (1971) and

---

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* Fed. R. App. P. 34(a)(2).

*Heck v. Humphrey*, 512 U.S. 477 (1994), dismissed the remaining ones without prejudice.  We affirm.

Olsson is being prosecuted in Lake County, Illinois, for criminal sexual assault.  He alleged in his complaint that the 17 named defendants—including state judges, prosecutors, defense lawyers and court personnel—conspired to violate his civil rights with regard to official documents and other aspects of the criminal case against him.  He alleged specifically that Veronica O'Malley (then an assistant state's attorney), Lake County circuit court clerk Sally Coffelt and Brian Telander (who was Olsson's privately retained counsel) conspired in September 2006 to remove affidavits from the clerk's office about his arrest, thereby violating public records laws, *see* 705 ILCS 105/16; 5 ILCS 160/11; 720 ILCS 5/32-8, and depriving him of his rights to due process and effective assistance of counsel.

In his complaint, Olsson also asserted nine other claims related to the defendants' purported conspiracy.  He alleged, among other things, a claim of racketeering, s*ee* 18 U.S.C. §§ 1961-68; a claim of conversion and extortion by certain defendants of his father's posted bond; a claim of "dishonest government services and mail fraud"; a class-of-one equal protection claim; a claim under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), for misconduct by the Lake County state's attorneys and for the Department of Human Services's failure to provide access to a law library at Elgin Mental Health Center; as well as state claims for attorney malpractice (against Telander), for intentional and negligent infliction of emotional distress, and unreasonable delay in adjudicating his petition for habeas relief (against Kane County circuit court Judge Michael Colwell).  *See* 735 ILCS 5/10-106.  Olsson sought damages and declaratory and injunctive relief.

The district court reviewed Olsson's complaint under 28 U.S.C. § 1915A and dismissed some of his claims with prejudice and others without prejudice, to reinstate when the *Younger* abstention doctrine or *Heck* no longer barred them.  Among the claims dismissed with prejudice, for failure to state a claim, were the claim of conversion and extortion (because Olsson lacked standing to bring a claim for another individual's money); the "dishonest government services" claim (because it was not a civil claim); and the class-of-one claim (because Olsson did not plead illegitimate animus on the defendants' part). The court later denied Olsson's motion to reconsider.

On appeal, Olsson generally challenges the district court's conclusion that *Younger* abstention applies.  Under that doctrine, federal courts must ordinarily abstain from enjoining ongoing state judicial proceedings that offer an adequate opportunity for review of constitutional claims.  *See Younger*, 401 U.S. at 43-45.  Olsson asserts that no meaningful state remedy is available to him.

State judicial proceedings, however, do offer an adequate opportunity for review of Olsson's constitutional claims. As the district court noted, state criminal proceedings against him are ongoing, *see Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995), and Olsson may litigate the issues raised in his complaint on direct appeal or state collateral review. He filed a state-court petition for habeas corpus in May 2008 that remains pending. Although Olsson maintains that the state court has inexcusably delayed deciding his habeas petition and therefore foreclosed the possibility of any relief, he has not shown that the state court's process has been ineffective. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *FreeEats.com v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Olsson's petition has been pending only since May 2008, and there is no indication that the delay will be excessive.

Olsson also argues that his case presents "extraordinary circumstances" that require the federal courts to intervene in his state proceeding. Under *Younger*, federal courts may act only when extraordinary circumstances exist—when the pending state proceeding is motivated by a desire to harass or is conducted in bad faith, or when the federal plaintiff demonstrates an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury. *FreeEats.com*, 502 F.3d at 596-97. Olsson focuses on the first exception, asserting that the criminal proceedings against him are being carried out in bad faith to harass him.

Olsson has not pointed to evidence of bad faith or harassment to trigger this exception. *See Younger*, 401 U.S. at 54. He has failed to "present more than mere allegations and conclusions" of any such bad faith or harassment. *Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999). Nor has he shown a need for immediate relief to prevent an irreparable injury. *FreeEats.com*, 502 F.3d at 597. As noted, Olsson has a state remedy available to him for litigating these issues, in the form of a direct appeal or his pending state habeas case.

Olsson next argues that the district court erred when it dismissed for lack of standing his § 1983 claim of conversion and extortion of his father's bail money. He insists he has standing because he agreed to become a surety for the return of the money to his father.

We need not address this argument, however, because even if Olsson has standing, he has not stated a claim under § 1983. Although the loss of the bail money may raise due process concerns, a property deprivation resulting from a random, unauthorized act by state employees does not violate due process if the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *see also Michalowicz v. Vill. of Bedford Park*,

528 F.3d 530, 535 (7th Cir. 2008); *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007).  In this case, Illinois has a statutory scheme regulating the return of bail money, 725 ILCS 5/110-7, and Olsson provides no explanation as to why a post-deprivation remedy is inadequate.

Finally, Olsson argues that the district court disregarded his pro se status, failed to construe his complaint liberally and wrongly dismissed several of his claims with prejudice before giving him an opportunity to amend the complaint.  Although a court should grant a party leave to amend when justice requires it, *see* Fed R. Civ. P. 15(a)(2), the record shows that Olsson never sought leave to amend from the district court.  He has therefore forfeited this argument.  *See Sharp Elecs. Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 513 (7th Cir. 2009).

Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED