NONPRECEDENTIAL DISPOSITION
To be cited in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 27, 2014

Before

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2074

| | |
|---|---|
| JOHN J. OTROMPKE,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 7847 |
| LAWRENCE HILL, President of the Illinois Board of Admissions to the Bar, and LISA MADIGAN, Attorney General of Illinois,<br>    *Defendants-Appellees.* | James F. Holderman,<br>*Judge.* |

**O R D E R**

Twice now John Otrompke has sued the Board of Admissions to the Illinois bar in federal court; in this action, like the first, he seeks an injunction compelling the Board to admit him to the state's bar. Otrompke's lawsuit, brought under 42 U.S.C. § 1983,

---

[*] After examining the appellate brief and record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(C).

ostensibly claims that the Board's rules governing the admissions process are unconstitutional, but he has never asserted that those rules stand between him and admission to the bar, or even that he plans to reapply for admission if the offending rules are favorably rewritten. We conclude that Otrompke's lawsuit faces several fatal obstacles, among them that he lacks standing to sue.

Otrompke passed the Illinois bar exam in 2000, but the Committee on Character and Fitness for the First Judicial District thought that he had not demonstrated the requisite moral character and fitness to practice law. A panel of the Committee conducted an investigation and issued a report. Their investigation revealed that from 1990 to 2001 Otrompke held 27 different jobs and had been fired from at least seven of them for insubordination, incompetence, or tardiness. One employer fired him from his bartending job after the bar owner suspected him of stealing. But on his law school application, Otrompke said he had never been discharged by an employer, and on his bar application he lied about the reasons he was fired. Also during that period, Otrompke had lived at approximately 30 different addresses, frequently was homeless and panhandled for money, and was arrested several times, yet he did not disclose those arrests when he applied to law school. The Committee recommended that he not be certified for admission, and in 2004 the state supreme court denied his petition for review. Meanwhile, Otrompke had sought to gain admission by suing the Board of Admissions and members of the Committee in federal court. The district court rejected all of Otrompke's claims. *Otrompke v. Chairman of the Comm. on Character & Fitness for the First Judicial Dist. of Ill.*, 2005 WL 3050618 (N.D. Ill. Nov. 7, 2005); *Otrompke v. Chairman of the Comm. on Character & Fitness for the First Judicial Dist. of Ill.*, 2005 WL 1126914 (N.D. Ill. May 12, 2005). Otrompke never appealed. Ten years later, though, he brought this suit against the Board of Admissions (and also the Illinois attorney general, whose office has no conceivable involvement).

In this second federal lawsuit, Otrompke asserts that denying him admission to the bar has abridged his "fundamental right to practice a profession," and that certain procedural rules prescribed for the committees on character and fitness in evaluating bar applicants are unconstitutional. Otrompke's contentions about the procedural rules track his constitutional claims in the earlier federal lawsuit, and while much of his rambling complaint is devoted to explaining his choice not to appeal the adverse decision in that case, he also asserts that several of the rules he challenges were added only after he was denied admission. What Otrompke wants, however, is an injunction ordering his immediate admission to the Illinois bar; he does not say that he intends to reapply for admission (which he has been eligible to do since late 2006), nor does he say that fixing the perceived constitutional infirmities in the existing rules would boost his chances of being admitted. Rather, he asserts that the process of evaluating the

character and fitness of bar applicants has "rendered the bar admission law a deadly attractive nuisance," and he asserts that applicants who have passed the bar "cannot be deprived of a professional license absent a felony conviction or legal proof of insanity."

The district court granted the Board's motion to dismiss. The court first reasoned that under the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), subject-matter jurisdiction is lacking to the extent that Otrompke complains about his past exclusion from the Illinois bar or any of the procedural rules then in effect. Otrompke's challenges to those rules, the court explained, could have been raised in the Supreme Court of Illinois when that court reviewed the recommendation against certifying him for admission. *See* FED. R. CIV. P. 12(b)(1); *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704–05 (7th Cir. 2014); *Brown v. Bowman*, 668 F.3d 437, 442–43 (7th Cir. 2012); *Edwards v. Ill. Bd. of Admissions to Bar*, 261 F.3d 723, 728–29 (7th Cir. 2001). The district court then concluded that Otrompke's constitutional claims concerning newly enacted rules fail on the merits. Otrompke moved for reconsideration, explaining that he "forgot to include his legal argument" in responding to the Board's motion to dismiss. The court denied relief, and Otrompke appeals.[1]

On appeal Otrompke has abandoned his constitutional challenges except as to Rules 6.3 and 6.4 of the Rules of Procedure governing the committees on character and fitness. Those rules, Otrompke says, are vague and overbroad. But only Rule 6.3 is new; Rule 6.4 is identical to former Rule 4.2, which Otrompke explicitly challenged in his previous federal lawsuit. Rule 6.3 lists ten "essential eligibility requirements" for admission to the bar; Otrompke says that one—the ability to conduct oneself properly

---

[1] The Board of Admissions incorrectly asserts that we have jurisdiction to review only the order denying Otrompke's motion for reconsideration. That motion was filed and denied before judgment was entered on the underlying dismissal of Otrompke's lawsuit. Indeed, Otrompke filed his notice of appeal two days before the entry of judgment, and thus the notice of appeal is deemed filed on the same day. *See* FED. R. APP. P. 4(a)(2); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 186–88 (7th Cir. 2011); *Runyon v. Applied Extrusion Techs., Inc.*, 619 F.3d 735, 739 (7th Cir. 2010). And though the notice of appeal mentions only the order denying Otrompke's motion to reconsider, his intention to appeal the underlying decision is apparent, and the Board cannot plausibly assert that it was misled. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 861–62 (7th Cir. 2013); *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 624–25 (7th Cir. 1993).

and in a manner that engenders respect for the law and profession—is "especially uninformative." He adds that allowing consideration of "evidence of conduct indicating instability or impaired judgment" gives "too much" discretion to the committees on character and fitness and creates the possibility of "self-censorship."

For the most part, Otrompke's current lawsuit is a thinly disguised attack on the 2004 decision of the state supreme court and an effort to relitigate his earlier federal lawsuit. The *Rooker-Feldman* doctrine insulates the state-court decision from review, and the doctrine of claim preclusion bars new challenges to the procedural rules in place when Otrompke filed his earlier federal action. And what little remains of this second federal action presents no case or controversy.

The parties did not address standing in the district court, but standing is a jurisdictional requirement that is not subject to waiver. *See Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 473 (7th Cir. 2012). Standing exists when a plaintiff suffers an actual or impending injury that is caused by the defendants' acts, and when it is likely that the injury will be redressed by a favorable judicial decision. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013); *Korte v. Sebelius*, 735 F.3d 654, 667 (7th Cir. 2013). When an injury is threatened in the future, the risk of harm must be substantial and more than speculative. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014); *Mont. Envtl. Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1189 (9th Cir. 2014); *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014).

Otrompke has not met his burden to show that he faces more than a speculative future injury. *See Kathrein v. City of Evanston*, 636 F.3d 906, 913–14 (7th Cir. 2011) (noting that plaintiff bears burden of proving standing); *see also Schumacher v. Nix*, 965 F.2d 1262, 1264 n.1 (3d Cir. 1992) (presuming that plaintiff who had not applied for permission to sit for bar exam nonetheless had standing to challenge eligibility criteria since his claim was identical to that of coplaintiff who had applied and was denied permission); *Jacobs v. The Florida Bar*, 50 F.3d 901, 903–05 (11th Cir. 1995) (plaintiffs had standing to challenge advertising restrictions because they intended to continue using past ads but had stopped because ads would violate new rules). Otrompke has not reapplied since he was denied admission to the bar (although the rules permitted him to do so two years after that denial). And in contrast with his first federal lawsuit, where he asserted that he intended to reapply, Otrompke has never said in this litigation that he plans to reapply or that the challenged procedural rules have dissuaded him from doing so. *Cf. Kiser*, 765 F.3d at 608 (explaining that plaintiff shows injury-in-fact when he alleges intention to engage in course of conduct arguably affected with constitutional interest but proscribed by statute, and there is credible threat of prosecution); *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 364 (3d Cir. 2014)

(plaintiffs demonstrated future injury through sworn and uncontested declarations that the challenged law directly impeded their plans to seek public office); *Edwards*, 261 F.3d 728 (plaintiff's challenges to bar admission procedures not moot where she planned to reapply next year). Instead, Otrompke wants the federal courts to declare him presently fit to practice law and order the Board of Admissions to admit him *without reapplying*. That demand is a direct attack on the state supreme court's denial of admission, not a contention that the current rules governing the admissions process are preventing Otrompke from being approved for admission. As long as Otrompke declines to reapply for admission, he cannot assert that he has suffered or will suffer an impending injury as a result of the Board's application of the current rules.

We conclude that the district court should have dismissed Otrompke's lawsuit in its entirety for lack of jurisdiction. To the extent that Otrompke is trying to resurrect his state-court challenge to his exclusion from the Illinois bar, his suit is barred by *Rooker-Feldman*. And to the extent that he challenges the existing Rules governing admissions to the bar, he lacks standing to sue. The district court's judgment is MODIFIED to reflect a dismissal for lack of jurisdiction, and as modified the judgment is AFFIRMED.