In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-3875

JOHN J. OTROMPKE,

*Plaintiff-Appellant*,

*v.*

BRADLEY SKOLNIK, Executive Director, Indiana State Board of
Law Examiners, and GREG ZOELLER, Attorney General of
Indiana,

*Defendants-Appellees*.

---

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:14-cv-00296-RLM-JEM — **Robert L. Miller, Jr.**, *Judge*.

---

SUBMITTED MAY 3, 2016 — DECIDED JUNE 24, 2016

---

Before POSNER, FLAUM, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. Section 3 of Rule 12 of the Indiana
Rules for the Admission to the Bar and the Discipline of At-
torneys states: "No person who advocates the overthrow of
the government of the United States or this state by force,
violence or other unconstitutional or illegal means, shall be
certified to the Supreme Court of Indiana for admission to

the bar of the court and a license to the practice of law." The plaintiff intends to engage in "revolutionary advocacy," as by distributing the *Charter of Carnaro* (Gabrielle d'Annunzio's constitution, combining proto-fascist, anarchist, and democratic ideas, for his short-lived rule over Fiume in 1920), and Marx and Engels' *Communist Manifesto*, and he is concerned, he says, that his actions will be deemed to violate Rule 12(3). He doesn't quite say that he intends to advocate the overthrow of the government of the United States or of Indiana by illegal means. But he implies that, both by his citation to the *Communist Manifesto* and by arguing that the defendants are violating the First Amendment by refusing to admit to the Indiana bar any "person who advocates the overthrow of the United States or this state by force, violence, or other unconstitutional or illegal means"— presumably he is such a person. His suit, which is against the director of Indiana's bar examiners and the state's attorney general, seeks to enjoin the enforcement of Rule 12(3) on the ground that it infringes freedom of speech, in violation of the U.S. Constitution.

The suit is premature. Otrompke has not applied for admission to the Indiana bar. For all we can know, should he apply the board of examiners or the attorney general (the defendants) might agree with him that Rule 12(3) violates the First Amendment, or might decide that in any event his proposed activities would not violate the rule. Given those possibilities, he lacks standing to bring the present suit, as the district court held in dismissing it for want of jurisdiction.

He lacks standing because he's failed to show that unless he obtains a judgment against the defendants he will be

harmed because until then Rule 12(3) will remain in effect and prevent his admission to the Indiana bar. The rule will harm him only if he would be admitted to the Indiana bar were the rule to be invalidated but not otherwise. And that is highly unlikely, as we know from our previous involvement in his tempestuous relations with the Illinois bar authorities. After the state's Committee on Character and Fitness deemed him unfit to practice law, citing his failure to acknowledge on his bar and law school applications his multiple arrests and firings over the previous decade, he sought to obtain admission by suing the state's Board of Admissions in federal district court. He lost, see *Otrompke v. Chairman of the Committee on Character & Fitness for the First Judicial District of Illinois*, 2005 WL 3050618 (N.D. Ill. Nov. 7, 2005), didn't appeal, but ten years later again sued the Board of Admissions (along with the Illinois attorney general, who has however no authority with regard to bar admission standards), again lost, this time appealed—and lost still again. In *Otrompke v. Hill*, 592 F. App'x 495, 497 (7th Cir. 2014), affirming the district court's dismissal of his suit after modifying the dismissal to base it on want of jurisdiction, we explained that the *Rooker-Feldman* doctrine divested the district court of jurisdiction to review the state supreme court's decision rejecting his application.

Otrompke's baleful Illinois experience makes it imperative that he apply to the Indiana bar authorities for admission *before* challenging the legality of the state's rules for admission. At present he has no standing to maintain a suit such as this because he can't show harm. The judgment of the district court is therefore

AFFIRMED.